**McCARTER & ENGLISH, LLP**
Peter J. Boyer (ID # 25517)
Mellon Bank Center Building
1735 Market Street
Suite 700
Philadelphia, Pennsylvania 19103
(215) 979 - 3800
Attorneys for Defendant
　　International Bridge and Iron Co., Inc.

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robins Motor Transportation, Inc., | : | |
| | : | |
| Plaintiffs, | : | CIVIAL ACTION |
| vs. | : | |
| | : | NO. 02-CV-2745 |
| Transport SRS Inc., et al, | : | |
| | : | |
| Defendants | : | |
| | : | |

### ANSWER OF DEFENDANT INTERNATIONAL BRIDGE AND IRON CO., INC. TO PLAINTIFF'S COMPLAINT

　　Defendant International Bridge and Iron Co., Inc., by its undersigned attorneys, hereby answers the Complaint in this matter as follows:

### JURISDICTION AND VENUE

　　It is denied that jurisdiction lies in this Court under the Interstate Commerce Act, Title 49 U.S.C. §10101 et seq and the Motor Carriers Act of 1935. It is denied that venue is proper in this District.

## RESPONSE TO NUMBERED PARAGRAPHS

1. Admitted.

2. It is admitted only that International Bridge and Iron Co., Inc. (hereinafter "IBIC") is a Connecticut corporation with an office at 90 Day Street, Newington, Connecticut 06111. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and the same are therefore denied, and strict proof thereof demanded at trial, to the extent relevant.

## COUNT ONE

3. IBIC incorporates herein its response to the proceeding paragraphs as though set forth at length.

4. Admitted in part and denied in part. It is denied that IBIC has violated the Interstate Commerce Act, 49 U.S.C. §10101 et seq. It is admitted that IBIC has refused to pay freight charges demanded in plaintiff's Complaint. It is denied that IBIC is responsible for payment of the freight charges, or that there exists any contract of any kind between IBIC and plaintiff.

5. Denied. It is denied that plaintiff transported goods for IBIC pursuant to a contract to which IBIC was a party. IBIC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and same are therefore denied, and strict proof thereof demanded at trial, to the extent relevant.

-3-

6. Denied. It is denied that there exists an agreement between plaintiff and IBIC relating to transportation and delivery of any goods. IBIC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and the same are therefore denied and strict proof thereof demanded at trial, to the extent relevant.

7. Denied. It is denied that IBIC was to pay $46,391.50 or any amount to plaintiff for freight charges. It is denied that the invoices attached as Exhibit A to this Complaint are directed to or were sent to IBIC. IBIC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and strict proof thereof is demanded at trial, to the extent relevant.

8. It is admitted that IBIC has made no payments to plaintiff. It is denied that IBIC is responsible for any of the sums claimed by plaintiff. IBIC is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph as it relates to the other defendants, and the same are therefore denied and strict proof thereof demanded at trial.

9. Denied. It is denied that IBIC owes the plaintiff $43,491.50 or any sum. IBIC is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph as it relates to other parties, the same are therefore denied, and strict proof thereof demanded at trial, to the extent relevant.

10. Admitted in part. It is admitted only that IBIC has failed to make any payments to plaintiff for freight charges or services performed by plaintiff, and it is denied that IBIC is a party to any contract with plaintiff pursuant to which those services were performed. Defendant IBIC is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph as it relates to other parties, the same are therefore denied, and strict proof thereof demanded at trial, to the extent relevant.

11. Denied. IBIC is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which relates to other parties, and the same are therefore denied, and strict proof thereof demanded at trial, to the extent relevant.

12. Denied. It is denied that IBIC is responsible as consigner or otherwise, for amounts claimed by plaintiff to be due.

13. Denied. IBIC is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which related to a party other that IBIC, and the same are therefore denied, and strict proof thereof demanded at trial, to the extent relevant.

14. Denied.

WHEREFORE, defendant IBIC demands judgment dismissing plaintiff's claims against IBIC, with prejudice, and awarding costs and counsel fees incurred in defending this action.

## COUNT TWO

15. Defendant IBIC incorporates herein its responses to the allegations of paragraphs 1 through 14 as though set forth at length.

16. It is admitted that Count Two of the Complaint purports to state a State Law claim. It is denied that this Court has supplemental or pendant jurisdiction over the claim set forth in Count Two against IBIC.

17. Denied. It is denied that IBIC entered into a contract with plaintiff to transport goods from Canada to New Jersey and Connecticut to Virginia. IBIC is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph as it relates to other parties, the same are therefore denied, and strict proof thereof demanded at trial, to the extent relevant.

18. Denied. It is denied that IBIC entered into a contract with plaintiff to transport goods from Canada to New Jersey and Connecticut to Virginia. Defendant IBIC is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph as it relates to other parties, the same are therefore denied, and strict proof thereof demanded at trial, to the extent relevant.

19. Denied. It is denied that IBIC was to pay plaintiff anything. IBIC is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph as it relates to other parties, the same are therefore denied, and strict proof thereof demanded at trial, to the extent relevant. By way of further answer, the invoices attached as Exhibit "A" to the Complaint are not addressed to IBIC and do not request payment from IBIC.

20. Denied. It is denied that plaintiff has demanded payment from IBIC prior to the filing of this Complaint.

21. Admitted in part and denied in part. It is admitted that IBIC has not made payment. It is denied that IBIC has any responsibility for the charges alleged to be due. IBIC is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph as it relates to other parties, the same are therefore denied, and strict proof thereof demanded at trial, to the extent relevant.

22. Admitted in part and denied in part. It is admitted that IBIC has not made payment. It is denied that IBIC has any responsibility for the freight charges alleged to be due. IBIC is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph as it relates to other parties, the same are therefore denied, and strict proof thereof demanded at trial, to the extent relevant.

23. Denied.

WHEREFORE, IBIC demands judgment dismissing plaintiff's claims against IBIC, with prejudice, and awarding costs and counsel fees incurred in defending this action.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against defendant IBIC.

2. The claims against defendant IBIC are barred by the Statute of Frauds.

3. There is no privity of contract between plaintiff and defendant IBIC.

4. There is no jurisdiction under the Interstate Commerce Act for any claim against defendant IBIC.

5. This Court has no subject matter jurisdiction over claims against defendant IBIC.

6. IDIC sold steel products to ADF International, Inc., through a contract which provided that the product was being sold "F.O.B. Newington, CT." As a result, IDIC has no responsibility for any freight charges for shipment of the steel products from its plant in Newington, CT.

7. Plaintiff's complaint fails to join an indispensable party, ADF International, Inc., IBIC's customer, which purchased the steel products from IDIC "F.O. B. Newington, CT."

                            McCARTER & ENGLISH, LLP
                            1735 Market Street, Suite 700
                            Philadelphia, PA  19103
                            (215)979-3800
                            Attorney for Defendant,
                            International Bridge and Iron Co., Inc.


                            BY: _____
                                  Peter J. Boyer, Esquire

Dated:  June 28, 2002

**McCARTER & ENGLISH, LLP**
Peter J. Boyer (ID # 25517)
Mellon Bank Center Building
1735 Market Street, Suite 700
Philadelphia, Pennsylvania 19103
(215) 979 - 3800
Attorneys for Defendant
　　International Bridge and Iron Co., Inc.

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robins Motor Transportation, Inc., : | |
| : | |
| Plaintiffs, : | CIVIAL ACTION |
| vs. : | |
| : | NO. 02-CV-2745 |
| Transport SRS Inc., et al, : | |
| : | |
| Defendants : | |

### CERTIFICATE OF SERVICE

　　I, Peter J. Boyer, Esquire, hereby certify that on this date I caused the foregoing Answer of Defendant International Bridge and Iron Co., Inc. to Plaintiff's Complaint to be filed via hand delivery with the Clerk of Eastern District of Pennsylvania, and true and correct copies via regular mail to:

| | |
|---|---|
| John F. Peoples, Esquire | Derek Eddy, Esquire |
| 2701 West Chester Pike | Harry R. Blackburn & Associates, P.C. |
| Suite 104 | 1610 Spruce Street |
| Broomall, PA  19008 | Philadelphia, PA  19103 |

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Peter J. Boyer, Esquire

Dated: June 28, 2002

Case 2:02-cv-02745-HB   Document 8   Filed 06/28/2002   Page 9 of 9

PH1: 109046.01