IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBBINS MOTOR TRANSPORTATION,   )
INC.,   )
  )
           Plaintiff,   )
  )
v.   )      **Civil Action No. 02-CV-2745**
  )
TRANSPORT S.R.S, INC., SHIRLEY   )
CONTRACTING CORPORATION, NEW   )
JERSEY TRANSIT CORPORATION, XEBEC,   )
INC. and INTERNATIONAL BRIDGE AND   )
IRON CO., INC.,   )
  )
           Defendants.   )

**DEFENDANT SHIRLEY CONTRACTING
CORPORATION'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

Defendant Shirley Contracting Corporation ("Shirley"), by and through its undersigned

counsel, hereby moves the Court under Rule 12(b)(2) to dismiss this action due to lack of personal

jurisdiction, and in support thereof avers as follows:

1.       Shirley is a Virginia corporation with its offices located in Lorton, Virginia. See

Affidavit of Shirley president Michael Post, attached hereto at Exhibit "A," at ¶ 3.

2.       Shirley is a road and bridge construction contractor, which primarily performs work

in the Northern Virginia area. (See Post Affidavit at ¶ 3).

3.       Shirley does not transact any business in the Commonwealth of Pennsylvania. (See

Post Affidavit at ¶ 4).

4.       It has not performed a construction project in Pennsylvania since at least 1992, and

its president has no recollection of ever performing a project in Pennsylvania since its incorporation in 1974. (See Post Affidavit at ¶ 4).

5.       Shirley does not have offices or a registered agent in the Commonwealth, and is not authorized to transact business in Pennsylvania. (See Post Affidavit at ¶ 4).

6.       Shirley does not derive any income from any projects in Pennsylvania, does not bid work in the Commonwealth, and does not advertise for new business opportunities here. (See Post Affidavit at ¶ 4).

7.       Shirley does not own, lease or rent any property in the Commonwealth or have any bank accounts here. (See Post Affidavit at ¶ 4).

8.       Shirley is the prime contractor to the Virginia Department of Transportation to construct a project known as the Springfield Interchange, Phases II and III located in Springfield, Virginia. (See Post Affidavit at ¶ 5).

9.       A part of the work on the project involves furnishing and installing structural steel. Shirley entered into a contract with a company known as ADF International, Inc. ("ADF") on March 19, 1999, to manufacture all of the steel and have it delivered to Shirley's Virginia construction project. (See Post Affidavit at ¶ 6).

10.       Shirley's agreement with ADF required Shirley to pay ADF for the freight cost, and ADF charged Shirley for the freight cost. (See Post Affidavit at ¶ 6).

11.       When the steel was delivered directly to Shirley's construction project in Virginia, it was to be erected there either by Shirley's employees or another subcontractor. (See Post Affidavit at ¶ 6).

12.     Shirley had no involvement with selecting the companies performing the shipping of the steel or in the manner or method of its delivery. (See Post Affidavit ¶ 7. See also Affidavit of Shirley senior project manager Robert Coffee, attached hereto at Exhibit "B," at ¶ 4).

13.     The invoices that are attached to the Complaint are all billed to a Canadian company; none of them are billed to Shirley. (See Exhibit A to plaintiff's complaint.)

14.     In paragraph 17 of the Complaint, the Plaintiff concedes that the goods were transported "from Canada to New Jersey and Connecticut to Virginia"; nothing the Complaint states that the goods in question were actually transported through Pennsylvania. (See plaintiff's complaint at ¶ 17.)

15.     Shirley did not have any direct dealings with Plaintiff Robbins Motor Transportation (Robbins) or any other firm providing delivery. (See Coffee Affidavit at ¶ 6).

16.     All of Shirley's payments for steel on the project were made directly to ADF, Inc., which included payment to ADF as reimbursement for freight charges. (See Post Affidavit at ¶ 7).

17.     Shirley was never invoiced directly by Plaintiff Robbins for the freight cost. (See Post Affidavit at ¶ 9).

WHEREFORE, and for the reasons set forth at greater length in the accompanying memorandum of law, Shirley is not subject to personal jurisdiction in Pennsylvania.

Respectfully submitted,

HARRY R. BLACKBURN & ASSOCIATES, P.C.


By:    _____
       DEREK EDDY
       1610 Spruce Street
       Philadelphia, PA   19103
       (215) 985-0123

OF COUNSEL:

Joseph H. Kasimer, Esq.
KASIMER & ANNINO, P.C.
7653 Leesburg Pike
Falls Church, Virginia 22043
(703) 893-3914 - Phone
(703) 893-6944 - Fax
Counsel for Defendant SHIRLEY CONTRACTING CORPORATION

Q:\Kasimer.712\Robbins.001\pleadings\motion to dismiss 12(b)(2).wpd\mdc