IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBBINS MOTOR TRANSPORTATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSPORT S.R.S, INC., SHIRLEY CONTRACTING CORPORATION, NEW JERSEY TRANSIT CORPORATION, XEBEC, INC. and INTERNATIONAL BRIDGE AND IRON CO., INC., <br><br> Defendants. | Civil Action No. 02-CV-2745 |

**DEFENDANT SHIRLEY CONTRACTING CORPORATION'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

**I.     INTRODUCTION.**

Without even paying lip service to the notions of due process and fair play, and without any allegations that Defendant Shirley Contracting Corporation has individually taken any action within the Commonwealth of Pennsylvania, Plaintiff Robbins has unfairly and without basis filed and served this action on Defendant Shirley even though Plaintiff knows, or in the exercise of reasonable diligence should have known, that Shirley does not conduct business in this jurisdiction.

Shirley is a Virginia based corporation involved in road construction in the Commonwealth of Virginia. It conducts no business in Pennsylvania, and, as shown by the attached Affidavits, it has no meaningful connection with this jurisdiction as far the specific transactions which give rise to Plaintiff's cause of action. Accordingly, this action should be dismissed for lack of personal jurisdiction against Defendant Shirley.

## II.   FACTUAL BACKGROUND.

Shirley is a Virginia corporation with its offices located in Lorton, Virginia. Shirley is a road and bridge construction contractor, which primarily performs work in the Northern Virginia area. (See Affidavit of Shirley president Michael Post, attached at Exhibit "A" to defendant Shirley's 12(b)(2) motion, at ¶ 3).

Shirley does not transact any business in the Commonwealth of Pennsylvania. It has not performed a construction project in Pennsylvania since 1992, and its president has no recollection of ever performing a project in Pennsylvania since its incorporation in 1974. It does not have offices or a registered agent and is not authorized to transact business in Pennsylvania. It does not derive any income from any Pennsylvania project, does not bid work in the state and does not advertise for new business opportunities in the state. Shirley does not own, lease or rent any property in the state or have any bank accounts there. (See Post Affidavit at ¶ 4).

Shirley is the prime contractor to the Virginia Department of Transportation to construct a project known as the Springfield Interchange, Phases II and III, located in Springfield, Virginia. (See Post Affidavit at ¶ 5). A part of the work on the project involves furnishing and installing structural steel.

Shirley entered into a contract with a company known as ADF International, Inc. ("ADF") on March 19, 1999. (See Post Affidavit at ¶ 6). ADF was responsible to manufacture all of the steel and have it delivered to Shirley's Virginia construction project. Shirley's agreement with ADF required Shirley to pay ADF for the freight cost, and ADF charged Shirley for the freight cost. (See Post Affidavit at ¶ 6). When the steel was delivered directly to Shirley's construction project in

Virginia, it was to be erected there either by Shirley's employees or another subcontractor. (See Post Affidavit at ¶ 6).

Shirley had no involvement with selecting the companies performing the shipping of the steel or in the manner or method of delivery. (See Post Affidavit at ¶ 7; see also Affidavit of Robert Coffee, attached at Exhibit "B" to defendant Shirley's 12(b)(2) motion, at ¶ 4). The invoices that are attached to the Complaint are all billed to a Canadian company; none of them are billed to Shirley. (See Exhibit A to Plaintiff Robbins' complaint).

In paragraph 17 of the Complaint, the Plaintiff concedes that the goods were transported "from Canada to New Jersey and Connecticut to Virginia"; nothing the Complaint states that the goods in question were actually transported through Pennsylvania. (See Plaintiff's complaint at ¶ 17). Shirley did not have any direct dealings with Plaintiff Robbins or any other firm providing delivery. (See Coffee Affidavit at ¶ 6). All of Shirley's payments for steel on the project were made directly to ADF, which included payment to ADF as reimbursement for freight charges. Shirley was never invoiced directly by Plaintiff Robbins for the freight cost. (See Post Affidavit at ¶ 9).

### III. SHIRLEY IS NOT SUBJECT TO PERSONAL JURISDICTION IN PENNSYLVANIA.

#### A. General Standard and Burden of Proof.

In general, there are two theories under which a federal court may exercise personal jurisdiction over an out-of-state resident. If the plaintiff's cause of action arises from a defendant's forum-related activities, the defendant may be subject to the state's jurisdiction under the concept of "specific jurisdiction" under the Pennsylvania long-arm statute provided that the defendant has sufficient minimum contacts with the state. If the claim arises out of a defendant's non-forum related

activities, the defendant may be subject to "general jurisdiction" if it has "continuous and substantial" contacts with the state. <u>Allied Leather Corporation v. Altma Delta Corporation</u>, 785 F. Supp 494, 497 (N.D. Pa. 1992). The due process clause to the Fourteenth Amendment imposes limits on a state's exercise of jurisdiction over a non-resident defendant. <u>McGee v. International Life Insurance Co.</u>, 355 U.S. 220, 78 S. Ct. 199, 2 L. Ed. 2nd 223 (1957). Jurisdiction cannot be exercised unless there are "minimum contacts" between the defendant and the forum state. The exercise of jurisdiction must not offend notions of "fair play and substantial justice". <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Once challenged, the Plaintiff bears the burden of proving that jurisdiction is proper; <u>Mickleburgh Mach. Co. v. Pacific Economic Development Co.</u>, 738 F. Supp. 159 (E. D. Pa. 1990); <u>Allied Leather Corporation v. Altma Delta Corporation, supra</u>. Plaintiff must establish such contacts with reasonable particularity. <u>Gehling v. St. George's School of Medicine, Ltd.</u>, 773 F. 2d 539, 542 (3rd Cir. 1985).

**B.   There is no general jurisdiction.**

Pennsylvania federal courts have held that in order to demonstrate general jurisdiction, the Court must look at all of the Defendant's contacts with forum state to determine whether the Defendant's contacts are "continuous and systematic". <u>Allied Leather Corporation</u>, 785 F. Supp. at 497-8. Proving general jurisdiction requires a much higher standard than specific jurisdiction, as the Plaintiff must demonstrate "extensive and pervasive" contacts. <u>Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas</u>, 675 F. 2d 587, 589 (3rd Cir. 1982).

In <u>Allied Leather</u>, <u>supra</u>, the court identified a number of criteria that should be looked at in assessing general jurisdiction, including:

> . . . .direct sales in the forum, maintenance of sales force in the state, advertising targeted at the residents of the forum state, and the derivation of a significant slice of revenue from activity within the state . . . . 785 F. Supp. at 498.

None of the standards for general jurisdiction have been met. According to the Affidavit of Michael Post, Shirley has no projects in Pennsylvania, does not maintain any work force or sales force, does not solicit business to be performed in the state and does not derive any revenue from Pennsylvania construction projects. Shirley is not even authorized to do business in Pennsylvania, and has no registered agent, offices, property or bank accounts there. Not only are Shirley's contact not "continuous and substantial", but they are, in fact, non-existent.

In the *Allied Leather* case, a dispute arose between the plaintiff, a producer and distributor of leather products with offices in New York, and the Georgia defendant which manufactured shoes and boots for the military. Defendant Altma had entered into a government contract to provide boots for the military. The court found no jurisdiction, even though the defendant had dealt heavily with federal government representatives located in Philadelphia, and some of the products which caused the dispute were manufactured in Pennsylvania. Nevertheless, the Middle District of Pennsylvania found that these contacts were not continuous and substantial enough to create general jurisdiction.

It is important recognize that Shirley did not manufacture or deliver the steel products that Plaintiff transported. Rather, Shirley was simply the passive receiver of the material in Virginia. Indeed, paragraph 17 of the Complaint concedes that the bulk of the material was shipped from Connecticut to Virginia, a fact supported by the invoices attached to the Complaint.

Given the fact that Shirley has no contacts with Pennsylvania, let alone substantial and continuous ones, there is no general jurisdiction over Shirley.

### C. There is no specific jurisdiction.

In *Allied Leather*, the Court pointed out three (3) criteria which must be met in order to establish minimum contacts for specific jurisdiction:

> First, the contact should show that the defendant could "reasonably anticipate being haled into court" in the forum state. [Citation omitted].
>
> Second, there must exist some acts through which the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. [Citation omitted].
>
> Last, hauling a Defendant into court in the forum state should not "offend traditional notions of fair play and substantial justice". [Citation omitted]. 785 F. Supp. at 500.

None of these three (3) tests are satisfied. First, Shirley was conducting a construction project in the Commonwealth of Virginia which was entirely constructed there. It had contracted with a Coral Springs, Florida company to furnish the steel to the site. Nothing in those contacts would cause Shirley to anticipate that it would be sued in Pennsylvania. Second, Shirley did not avail itself of the privilege of conducting any business in Pennsylvania. Every aspect to the project was performed in Virginia, Shirley is located in Virginia, and the steel was not even produced in Pennsylvania. In fact, there is no evidence that the steel was even transported through Pennsylvania. Finally, requiring Shirley to defend an action in Pennsylvania when it took no steps to affirmatively become involved in Pennsylvania clearly offends anyone's sense of fair play. The federal courts in this jurisdiction have consistently agreed.

In *Allied Leather, supra,* the Court reviewed various aspects of a direct contract involving the manufacture of products in Pennsylvania for the defendant, found that the bulk of the negotiations

took place outside of the Commonwealth, and the defendant's performance of its government contract was related to some contacts in Pennsylvania. Nevertheless, these controls were not substantial enough to support jurisdiction. Here, the steel was manufactured outside the state.

In *Narco Avionics, Inc. v. Sportsmans Market, Inc.*, 792 F. Supp 398 (E.D. Pa. 1992), the issue revolved around an alleged patent infringement. The defendants were Japanese companies. Some of the infringing products were eventually sold to Pennsylvania residents. The court made clear that "mere foreseeability that a product will enter a forum does not establish minimum contacts". *Narco Avionics, Inc.*, 792 F. Supp at 403; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2nd 490 (1980). "The placement of a product into the stream of commerce, without more, is not act of the defendant which purposely directed toward the forum state". *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112, 107 S. Ct. 1026, 94 L. Ed.2nd 92 (1987). Jurisdiction cannot be based solely on foreseeability. *Penzoil Products Co. v. Colelli & Associates, Inc.*, 953 F. Supp. 669 (W. D. Pa. 1995).

Not only will mere foreseeability not support jurisdiction, but in fact Shirley had no reason foresee the involvement of Pennsylvania in the transaction. As noted above, Shirley contract was with a non-Pennsylvania company that was obligated to fabricate and deliver (including freight) structural steel from Canada or other plants. Even the specific steel in question was primarily delivered from a Connecticut fabricating shop to Virginia. Even if foreseeability alone is not sufficient, in this case there was no reason to even foresee Pennsylvania as a potential forum.

Moreover, the placement of a product into the stream of commerce without more, is not an act of a Defendant which purposely is directed to the forum state.[1] <u>Williamson v. Consolidated Rail Corporation</u>, 712 F. Supp 48, 52 (M. D. Pa. 1989). In <u>Williamson</u>, <u>supra</u>, the plaintiff was injured when a trailer he was loading collapsed. The plaintiff sued Conrail, which in turn filed a third-party action against NAC, who had leased the trailer to Conrail, Miller, the manufacturer of the trailer, and Star, who had previously repaired the trailer. All three defendants moved for dismissal for lack of jurisdiction. None of the Defendants had offices in or did business in Pennsylvania. Conrail attempted to argue that the parties had knowledge or an expectation that the trailers would be used in and pass through Pennsylvania. The court held that this was insufficient. Similarly, even if Shirley could have foreseen that the steel might pass through Pennsylvania, without more substantial contacts with the state, this would not form a basis for jurisdiction.

In <u>Kenney v. Alexson Equipment Co.</u>, 432 A.2d 174 (Pa. 1981), Piracci sold a hoist to Alexson in Maryland. Alexson then shipped the hoist to Pennsylvania where a Plaintiff sustained injury while riding in an elevator powered by the hoist. The plaintiff sued Alexson, who in turn brought a third-party action against Piracci. The court dismissed Piracci, holding that Piracci did not conducted any business in the state and the mere cashing of a check drawn on a Pennsylvania bank was insufficient to support jurisdiction. Similarly, in <u>Ward v. Baltimore Stevedoring Company</u>, 437 F. Supp 941 (E. D. Pa. 1977), an action was brought against a New York company engaged in the business of freight forwarding. The company was headquartered in New York, and was not registered to conduct business in Pennsylvania, but it did prepare a bill of lading under which certain

---

[1] Of course, Shirley did not even place the steel into commerce. It did not fabricate it, but only was a passive receiver of the goods in Virginia.

cargo was to be shipped from Baltimore to Russia. The court held that the preparation of a bill of lading by a freight forwarder was far too tenuous a relationship to be considered as doing business.

There are clearly insufficient contacts alleged or demonstrated to allow personal jurisdiction over Shirley based upon the specific transaction. The total absence of connection with Pennsylvania compels dismissal.

### IV.  CONCLUSION.

Therefore, for the reasons set forth above, Defendant Shirley Contracting Corporation respectfully requests that the court dismiss this action as to Shirley for lack of personal jurisdiction, and that it be awarded its costs and reasonable attorney's fees.

    Respectfully submitted,

    HARRY R. BLACKBURN & ASSOCIATES, P.C.

By: _____
    DEREK EDDY
    1610 Spruce Street
    Philadelphia, PA   19103
    (215) 985-0123

OF COUNSEL:

Joseph H. Kasimer, Esq.
KASIMER & ANNINO, P.C.
7653 Leesburg Pike
Falls Church, Virginia 22043
(703) 893-3914 - Phone
(703) 893-6944 - Fax
Counsel for Defendant SHIRLEY CONTRACTING CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of defendant Shirley Contracting Corporation's 12(b)(2) motion and accompanying memorandum of law was mailed, postage prepaid, on the 30th day of May, 2002, and sent to:

> John F. Peoples, Esq.
> 2701 West Chester Pike, Suite 104
> Broomall, Pennsylvania 19008
>
> Transport S.R. S, Inc.
> 1625 Rue Jean-LaChaine
> Ste. Catherine, Quebec JOL 1E0
>
> New Jersey Transit Corporation
> One Penn Plaza East
> Newark, New Jersey 07105-2246
>
> Xebec, Inc.
> 730 BD Industriel
> Blaineville, Quebec JVC 3V4
>
> International Bridge and Iron Co., Inc.
> 90 Day Street
> Newington, Connecticut 06111

_____
DEREK EDDY, ESQUIRE

Q:\Kasimer.712\Robbins.001\pleadings\12(b)(6) memo of law.wpd\mdc