IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBBINS MOTOR TRANSPORTATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSPORT S.R.S, INC., SHIRLEY CONTRACTING CORPORATION, NEW JERSEY TRANSIT CORPORATION, XEBEC, INC. and INTERNATIONAL BRIDGE AND IRON CO., INC., <br><br> Defendants. | ) ) ) ) ) ) ) **Civil Action No. 02-CV-2745** ) ) ) ) ) ) ) ) ) |

### REPLY OF SHIRLEY CONTRACTING CORPORATION TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant SHIRLEY CONTRACTING CORPORATION ("Shirley"), by and through its undersigned counsel, hereby replies to Plaintiff ROBBINS MOTOR TRANSPORTATION, INC.'s ("Robbins") response and Memorandum in Opposition to Shirley's Motion to Dismiss for Lack of Personal Jurisdiction. Attached to this reply are rebuttal Affidavits of Michael E. Post and Robert Coffee.

**I.   Introduction.**

Shirley filed a Motion to Dismiss for Lack of Personal Jurisdiction in this action. Shirley's motion was supported by detailed Affidavits of Michael E. Post and Robert Coffee, which outlined in detail Shirley's total lack of contact with Pennsylvania for purposes of personal jurisdiction. This Court allowed discovery on the jurisdictional issues, and Plaintiff Robbins propounded

interrogatories, document production requests and request for admission, all of which were responded to even though they violated the Rules of Court limiting the number of interrogatories that could be propounded.

Robbins' response does not fairly meet the allegations in the Motion to Dismiss, refuses to admit matters even though it has presented no facts to contest them, mischaracterizes affidavits, does not distinguish any of the cases cited by Shirley, does not offer a single case supporting jurisdiction based upon facts similar to this action, and generally has done nothing to meet its burden of proving jurisdiction. Accordingly, Shirley's Motion to Dismiss should be granted.

Plaintiff essentially relies upon two "facts". Unfortunately for Robbins, one of the "facts" is incorrect, and the other is irrelevant. First, Robbins mistakenly contends that Shirley performed a construction project in Pennsylvania in 1992. Robbins arrives at this conclusion by grossly misconstruing the Affidavit of Michael E. Post. Mr. Post's Affidavit stated that Shirley had never performed a construction project in Pennsylvania. Mr. Post's Affidavit differentiated between the period from 1992 forward (which was based upon his personal knowledge), and the period from 1974 to 1992, which was based upon company records and other information that was available. Mr. Post never stated that the company had performed a project in 1992, and no reasonable reading of his Affidavit could reach this conclusion. However, in order to be absolutely clear, a Second Affidavit of Michael Post is attached which clarifies this issue to the extent necessary. It is important to recognize that Plaintiff Robbins presented no independent evidence that Shirley performed any project in Pennsylvania, instead choosing to mischaracterize Michael Post's initial Affidavit.

Second, Plaintiff Robbins contends that Shirley made certain payments to Robbins on another project (see Church affidavit, ¶3). Although Robbins performed no services directly for Shirley (see Second Affidavit of Robert Coffee attached hereto), Shirley did transmit payment to Robbins as a result of certain additional work performed by Robbins on behalf of a Shirley subcontractor, ADF International, on the separate Project located in Lorton, Virginia. Any isolated payment made by Shirley does not confer jurisdiction, because Shirley did not avail itself of the forum state, the Lorton Railroad Project was located in Virginia and fully performed in Virginia by Shirley, and Shirley did nothing more than transmit a payment to Robbins from its offices in Virginia. This simply does not constitute transacting business or confer on the Court either general or specific jurisdiction.

**II.     There is no general jurisdiction.**

As noted in Shirley's initial memorandum, in order to prove general jurisdiction, the Plaintiff must demonstrate "extensive and pervasive contacts". Plaintiff Robbins concedes that it must demonstrate "continuous and systematic contact". However, Robbins has done nothing to demonstrate extensive, pervasive, continuous and substantial contact. By its own best evidence, it has indicated two incidents over a period of ten years. One of the incidents is an incorrect mischaracterization of Mr. Post's Affidavit, leaving only the making of a payment to Robbins in Pennsylvania. As a matter of law, a single action is not continuous and substantial. None of the criteria for assessing general jurisdiction as set forth in *Allied Leather Corporation v. Altma Delta Corporation*, 785 F. Supp. 494, (N.D. Pa. 1992) have been demonstrated or, for that matter, even alleged by Robbins.

Based on the facts adduced, together with the unrebutted facts set forth in Shirley's Motion to Dismiss[1], there is nothing in the record that would even hint of the extensive, pervasive, continuous and substantial contacts that are required for general jurisdiction.

**III.    Specific jurisdiction has not been demonstrated.**

Specific jurisdiction arises solely out of facts relating to the transaction in question. In this case, that transaction would be the alleged transport of construction materials into Virginia by Robbins. Since Shirley did not hire Robbins, and Shirley's sole obligation was to make payment to ADF International for all costs relating to the structural steel, including shipping, Shirley did not transact any business in the Commonwealth of Pennsylvania.

Robbins sets forth the language of Pennsylvania Long Arm Statute, but fails to allege any facts <u>relating to this transaction</u> that indicate Shirley purposely availed itself of sufficient contacts in the Commonwealth of Pennsylvania to justify jurisdiction. The two "facts" cited by Robbins in its response brief are clearly inadequate to provide specific jurisdiction because the Plaintiff's <u>cause of action</u> does not arise from the Defendant's alleged forum related activities. The cause of action here relates to the I-95 Springfield Interchange project. Neither a mistaken belief concerning a prior project or even a small payment on an unrelated project could support specific jurisdiction because neither "fact" is related to Plaintiff's cause of action on the Springfield Interchange project.

---

[1] Although Robbins has denied many of the allegations, most of the denials are based on lack of information and belief. Given the fact that proving jurisdiction is Robbins' burden, and Robbins has not rebutted the affidavits in any way, Shirley has clearly presented facts which demonstrate a total lack of general jurisdiction.

Robbins also attempts to argue that Shirley should foresee that a Pennsylvania trucking company might bring shipments through Pennsylvania. The problem with this argument is that even if Shirley had placed the steel into the stream of commerce, which it did not[2], the cases cited by Shirley make it absolutely clear that mere foreseeability that a product will enter the forum does not establish minimum contacts. Shirley cited several cases for this proposition on page 7 of 10 of its initial memorandum. None of the cases have been distinguished or, for that matter, even mentioned by Robbins. Thus, even if Shirley could have foreseen that ADF would ship material through Pennsylvania that does not mean that Shirley purposely availed itself of Pennsylvania in a manner which would provide jurisdiction.

The Plaintiff acknowledges that it has no information that Shirley even knew that the materials would be shipped through Pennsylvania. As Plaintiff concedes, "unfortunately, Plaintiff could not learn if Shirley knew the building materials where [sic] coming from Connecticut". Rather, Plaintiff falls back upon the rather novel proposition that if a Virginia company receives in Virginia shipments of construction materials from a Pennsylvania trucking company it should reasonably foresee that problems could take place in Pennsylvania. While this bold allegation is completely unsupported, it totally misses the mark. Foreseeability alone is insufficient to establish jurisdiction even if Shirley had intentional shipped materials into Pennsylvania. How could Shirley be subject to jurisdiction by passively receiving materials in its home state of Virginia?

---

[2] The steel was manufactured by ADF International or some other entity under the control of ADF and simply shipped to Shirley in Virginia. Shirley did not ship the steel through Pennsylvania.

Finally, even if the criteria of the Pennsylvania Long Arm Statute were met (which they have not been), discussion would not stop there. Rather, it has been held that a court cannot presume that jurisdiction is proper simply because requirements of a Long Arm Statute had been met. <u>Pennzoil Products Company v. Colelli & Associates, Inc.</u>, 149 F. 3rd 197 (3rd Cir. 1998). Rather, even if the Long Arm Statute has provided jurisdiction, the court must also determine whether sufficient minimum contacts exist in order to establish traditional notions of fair play and substantial justice. Due process is not presumed even if the requirements of a Long Arm Statute are met.

Despite Plaintiff's unsupported assertion that due process considerations have been met, it is readily apparent that it would be a gross injustice to require Shirley to litigate this matter in Pennsylvania. Shirley is a Virginia company performing a Virginia construction project. It has no offices in Pennsylvania, derives no revenue from Pennsylvania, and does not seek work in Pennsylvania. If jurisdiction were asserted over Shirley, it would be the equivalent of asserting jurisdiction over a Connecticut consumer that received a product from California that passed through Pennsylvania on the way to Connecticut. There is simply no merit to the allegations of specific jurisdiction.

**IV.    Conclusion.**

Plaintiff has failed to meet the heavy burden placed upon a party seeking to prove jurisdiction. Without facts, without specific case citations, and without distinguishing any of Shirley's cases, Robbins simply makes unsupported allegations which fly in face of established case law. The court should promptly dismiss this action against Shirley, leaving Plaintiff to its appropriate remedy against the parties with whom it contracted to provide the services.

>Respectfully submitted,
>
>HARRY R. BLACKBURN & ASSOCIATES, P.C.
>
>By: _____
>DEREK EDDY, ESQUIRE
>1610 Spruce Street
>Philadelphia, PA   19103
>(215) 985-0123

OF COUNSEL:

Joseph H. Kasimer, Esq.
KASIMER & ANNINO, P.C.
7653 Leesburg Pike
Falls Church, Virginia 22043
(703) 893-3914 - Phone
(703) 893-6944 - Fax
Counsel for Defendant SHIRLEY CONTRACTING CORPORATION

## CERTIFICATE OF SERVICE

　　I hereby certify that a true and correct copy of the foregoing pleading was mailed, postage prepaid, on the ___26th___ day of July, 2002, and sent to:

>John F. Peoples, Esq.
>2701 West Chester Pike, Suite 104
>Broomall, Pennsylvania 19008
>(610) 356-2711 - Phone
>(610) 356-2763 - Fax
>Counsel for Plaintiff ROBBINS MOTOR TRANSPORTATION, INC.
>
>Christine M. Kovan, Esq.
>Saul, Ewing, LLP
>1200 Liberty Ridge, Suite 200
>Wayne, Pennsylvania 19087-5055
>Counsel for TRANSPORT S.R. S, INC.

Allison Accuros, Esq.
Assistant Attorney General
Division of Law
Hughes Justice Complex
25 West Market Street
Trenton, New Jersey 08625
Counsel for NEW JERSEY TRANSIT CORPORATION

Peter J., Boyer, Esq.
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, Pennsylvania 19103-7501
Counsel for INTERNATIONAL BRIDGE

Xebec, Inc.
730 BD Industriel
Blaineville, Quebec JVC 3V4

                                          DEREK EDDY, ESQUIRE

Q:\Kasimer.712\Robbins.001\pleadings\reply bief.wpd\mdc