IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBBINS MOTOR TRANSPORTATION, INC. :
PO Box 38 :
Essington, PA 19029 :
　　　　　　　　　　　　　　　　　　 :
　　　　　　　Plaintiff　　　　　　　 : **ANSWER and COUNTER-CLAIM**
　　　　　　　　　　　　　　　　　　 :
　　　　　v.　　　　　　　　　　　　 : Civil Action No: 02-CV-2745
　　　　　　　　　　　　　　　　　　 :
TRANSPORT S.R.S., INC. T/A S.R.S. :
TRANSPORT T/A TRANSPORT S.R.S :           FILED  JUL 30 2002
1625 Rue Jean-Lachaine :
Ste. Catherine, Quebec JOL1 1EO :
　　　　　　　　　　　　　　　　　　 :
　　　　　　　Defendant :
　　　and :
SHIRLEY CONTRACTING CORPORATION :
8435 Backlick Road :
Lorton, VA 22079 :
　　　　　　　　　　　　　　　　　　 :
　　　　　　　Defendant :
　　　and :
NEW JERSEY TRANSIT CORPORATION :
D/B/A NJ TRANSIT :
1 Penn Plaza East :
Newark, NJ 07105-2246 :
　　　　　　　　　　　　　　　　　　 :
　　　　　　　Defendant :
　　　and :
XEBEC, INC. T/A XEBEC :
730 Bd Industriel :
Blainville, Quebec JVC 3V4 :
　　　　　　　　　　　　　　　　　　 :
　　　　　　　Defendant :
　　　and :
INTERNATIONAL BRIDGE & IRON, CO., :
INC. :
90 Day Street :
Newington, CT 06111 :
　　　　　　　　　　　　　　　　　　 :
　　　　　　　Defendant :

Defendant, Transport S.R.S. Inc. (sued herein as "Transport S.R.S., Inc.. T/A S.R.S. Transport T/A Transport S.R.S.") by and through its attorneys, PINSKY & SKANDALIS, Answers the Complaint of Robbins Motor Transportation, Inc. as follows:

## JURISDICTION

1. Plaintiff's statement as to the jurisdictional basis of this action is a legal conclusion, and, as such, no answer is required. To the extent that an answer may be required, Answering Defendant denies the jurisdictional claim of Plaintiff.

## VENUE

2. The first unnumbered paragraph of Plaintiff's statement as to venue sets forth a legal conclusion to which no answer is required. To the extent that an answer may be required, Answering Defendant denies knowledge or information sufficient to form a belief as to the principal place of business of the Plaintiff; and denies transporting goods through the Eastern District of Pennsylvania.

3. Admits, upon information and belief, each and every allegation contained in paragraph "1".

4. Admits that Transport S.R.S. Inc. is a Canadian Corporation located at 1625, rue Jean Lachenaie, Ste-Catherine (Quebec) JOL 1EO, and denies each and every other allegation contained in paragraph "2(a)."

5. Denies knowledge or information sufficient to form a

belief as to each and every allegation contained in paragraphs "2(b)-(e)."

### COUNT I

6. The Answering Defendant repeats and realleges each and every admission, denial, or denial of information sufficient to form a belief as to each and every allegation repeated and re-alleged in paragraph "3".

7. Denies each and every allegation contained in paragraph "4."

8. Denies each and every allegation contained in paragraph "5."

9. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "6."

10. Denies each and every allegation contained in paragraph "7."

11. Denies each and every allegation contained in paragraph "8."

12. Denies each and every allegation contained in paragraph "9."

13. Denies each and every allegation contained in paragraph "10."

14. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11."

15. Denies each and every allegation contained in paragraph

"12."

16. Denies each and every allegation contained in paragraph "13."

17. Denies each and every allegation contained in paragraph "14."

18. Denies each and every allegation and claim contained within Plaintiff's first "WHEREFORE" clause.

## COUNT II

19. The Answering Defendant repeats and realleges each and every admission, denial or denial of knowledge or information sufficient to form a belief as to each and every allegation repeated and re-alleged in paragraph "15."

20. Paragraph "16" of Plaintiff's complaint sets forth a legal conclusion to which no answer is required. To the extent that an answer may be required, Answering Defendant denies the statement set forth in paragraph "16" of Plaintiff's complaint, and alleges that this Court lacks both subject matter and personal jurisdiction over the Answering Defendant.

21. Upon information and belief, Admits that Plaintiff and Answering Defendant entered into a contract for the transportation of certain goods to Virginia, and denies knowledge or information sufficient to form a belief as to each and every other allegation contained in Paragraph "17."

22. Denies knowledge or information sufficient to form a

belief as to each and every allegation contained in paragraph "18."

23. Denies each and every allegation contained in paragraph "19."

24. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "20."

25. Denies each and every allegation contained in paragraph "21."

26. Denies knowledge or information sufficient to form information a belief as to each and every allegation contained in paragraph "22."

27. Denies each and every allegation contained in paragraph "23."

28. Denies each and every allegation and claim set forth in Plaintiff's second "WHEREFORE" Clause.

30. Denies each and every allegation not heretofore admitted, denied, or controverted.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE CAUSE OR CAUSES OF ACTION, IF ANY, CONTAINED IN PLAINTIFF'S COMPLAINT, THE ANSWERING DEFENDANT FURTHER ALLEGES:**

31. This Court lacks subject matter jurisdiction of this action because there is neither a Federal question involved in this matter, nor a dispute in excess of the jurisdictional limitations of this Court.

**AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE CAUSE OR CAUSES OF ACTION, IF ANY, CONTAINED IN PLAINTIFF'S COMPLAINT, THE ANSWERING DEFENDANT FURTHER ALLEGES:**

32. This Court does not have jurisdiction of this action by reason of the Plaintiff's failure to obtain in personam jurisdiction of the Answering Defendant.

**AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE CAUSE OR CAUSES OF ACTION, IF ANY, CONTAINED IN PLAINTIFF'S COMPLAINT, THE ANSWERING DEFENDANT FURTHER ALLEGES:**

33. Upon information and belief, some or all of the damages alleged in Plaintiff's Complaint have been resolved by accord and satisfaction.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE CAUSE OR CAUSES OF ACTION, IF ANY, CONTAINED IN PLAINTIFF'S COMPLAINT, THE ANSWERING DEFENDANT FURTHER ALLEGES:**

34. Upon information and belief, the invoices which are the subject of this action have been paid in full by the Answering Defendant.

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE CAUSE OR CAUSES OF ACTION, IF ANY, CONTAINED IN PLAINTIFF'S COMPLAINT, THE ANSWERING DEFENDANT FURTHER ALLEGES:**

35. Plaintiff has failed to state a cause of action upon which relief may be granted.

**AS AND FOR A FIRST, SEPARATE AND DISTINCT COUNTER-CLAIM AGAINST PLAINTIFF ROBBINS MOTOR TRANSPORTATION, INC., TRANSPORT S.R.S. INC. ALLEGES AS FOLLOWS:**

36. Transport S.R.S. Inc. was hired by Robbins Motor Transportation, Inc. to transport a dryer from Xebec Co., Limited in Canada to New Jersey Transit (Howell Bus Facility) in New Jersey.

37. Transport S.R.S. Inc. picked up the aforementioned dryer

at Xebec Company Limited on or about January 17, 2001, and delivered said dryer to New Jersey Transit on or about January 22, 2001.

38. Invoice number 10467 was issued to Robbins Motor Transportation in the amount of $1600.00 (US) concerning the aforementioned delivery from Xebec Company Limited to New Jersey Transit.

39. Robbins Motor Transportation, Inc. has failed to make any payment to Transport S.R.S. Inc. with respect to invoice number 10467.

40. On or about July 29, 1999, Transport S.R.S. Inc. was hired by Robbins Motor Transportation Co., Inc. to provide maintenance and/or repair work to equipment owned and/or rented by Robbins Motor Transportation, Inc., and performed such work.

41. Transport S.R.S. Inc. issued invoice number 7060 to Robbins Motor Transportation Inc. in the amount of $1,292.31 (US) in connection with the aforementioned work that was performed on July 29, 1999.

42. To date, no payment has been made to Transport S.R.S. Inc. by Robbins Motor Transportation, Inc. with respect to invoice number 7060.

43. In August 2000, Transport S.R.S. Inc. was hired by Robbins Motor Transportation Inc. to transport materials from Kenrod Steel Fabricating Limited to GE Packaged Power, Inc..

44. On or about August 14, 2000, Transport S.R.S. Inc. picked up the aforementioned shipment from Kenrod Steel Fabricating, Limited, and delivered such shipment to GE Packaged Power, Inc. on or about August 15, 2000.

45. Transport S.R.S. Inc. issued Invoice Number 9454 to Robbins Motor Transportation Inc. in the amount of $1,037.00 (US) with respect to the above referenced shipment.

46. To date, Robbins Motor Transportation, Inc. has failed to make any payment to Transport S.R.S. Inc. with respect to invoice number 9454.

47. On or about January 19, 2001, Transport S.R.S. Inc. was hired by Robbins Motor Transportation Inc. to replace a lining shoe on a trailer.

48. The aforementioned replacement of the lining shoe was performed on or about January 19, 2001, and Transport S.R.S. Inc. issued invoice number 10500 to Robbins Motor Transportation Inc. in the amount of $208.20 (US) with respect to the repair work that was performed.

49. To date, no payment has been made by Robbins Motor Transportation Inc. with respect to invoice number 10500.

WHEREFORE, Defendant Transport S.R.S. Inc. demands judgment:

1. Dismissing the Plaintiff's Complaint;

2. Against Robbins Motor Transportation, Inc. in the amount of $4,137.51, plus interest, with respect to this Answering Defendant's Counter-Claim

8

3. Against Robbins Motor Transportation, Inc. with respect to the costs and disbursements of this action; and

4. Such other and further relief as to this Court may appear just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES**

Dated: July 25, 2002

_____
Daniel R. Seidberg, Esq.
Attorney for Defendant,
 Transport S.R.S., Inc.
PINSKY & SKANDALIS
5790 Widewaters Parkway
PO Box 250
Syracuse, NY 13214-0250
(315) 446-2384

TO: John F. Peoples, Esq.
2701 W. Chester Pike, Suite 104
Broomall, PA 19008
(610) 256-2711

cc: Christine M. Kovan, Esq.
Saul Ewing, LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5055
(610) 251-5050

Derek Eddy, Esq.
Harry R. Blackburn & Associates, P.C.
1610 Spruce Street
Philadelphia, PA 19103
(215) 985-0123

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing Answer and Counter-Claim of Transport S.R.S. Inc. to be served via U.S. Mail, postage prepaid, upon the following:

James F. Peoples, Esquire
2701 West Chester Pike
Suite 104
Broomall, PA 19008

FILED JUL 30 2002

Derek Eddy, Esquire
Harry R. Blackburn & Associates, PC
1610 Spruce Street
Philadelphia, PA 19103

Daniel R. Seidberg, Esquire
Pinsky & Skandalis
5790 Widewaters Parkway
P.O. Box 250
Syracuse, NY 13214-0250

Allison Accuros, Esquire
Assistant Attorney General
Division of Law
Hughes Justice Complex
25 West Market Street
Trenton, NJ 08625

Peter J. Boyle, Esquire
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103-7501

Xebec, Inc.
730 BD Industriel
Blaineville, Quebec JVC 3V4

_____
Christine M. Kovan

Dated: July 30, 2002